Theodore A. Romak and Virginia P. Romak v. Commissioner.
Romak v. Commissioner
Docket No. 7750-70.
United States Tax Court
T.C. Memo 1972-116; 1972 Tax Ct. Memo LEXIS 140; 31 T.C.M. (CCH) 462; T.C.M. (RIA) 72116; May 22, 1972, Filed *140 Held: Petitioners' various claims for deduction disallowed. Theodore A. Romak, pro se, 38600 Northline Road, Romulus, Mich. Gary F. Walker, for the respondent. *141 IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: Respondent determined a deficiency of $918.32 in petitioners' income tax for calendar year 1968. Respondent has conceded $345.21 of the deficiency because this amount represents an overstatement of a credit for excess F.I.C.A. tax which respondent had assessed previously against petitioner. We are left to determine whether respondent correctly disallowed certain deductions taken by petitioner. Findings of Fact Petitioner are Theodore A. Romak and Virginia P. Romak, husband and wife, who at all relevant times resided in Romulus, Mich. 463 The joint income tax return of petitioners reflected the following items: Adjustment - Employee business ex- pense
$2,619.53
Deduction - State and local income tax
560.00
Credit - Excess F.I.C.A. tax withheld
345.21
Casualty loss
1,225.00
Casualty loss
327.00 The claimed employee business expense represented the total of Federal income taxes and F.I.C.A. tax withheld from Romak's wages. The petitioners received a notice dated March 14, 1969, from the internal revenue service center, Cincinnati, Ohio, which corrected certain mathematical errors *142 on petitioners' return and which reduced the refund owed petitioners by disallowing the $345.21 claimed excess F.I.C.A. tax credit. On October 2, 1970, respondent mailed to petitioners a "short form" statutory notice. In his answer respondent asserted that the following items were disallowed: Item
Amount
Employee business expense (Federal income tax and F.I.C.A. tax)
$2,619.53
State and local income tax
253.30
Casualty loss
100.00
Casualty loss
100.00
Excess F.I.C.A. tax credit
343.20
Opinion After respondent's concession of $345.21 of the deficiency as having already been assessed, we are left to determine the propriety of petitioners' deduction of items disallowed by respondent. [1]
Petitioners' deduction for employee business expenses represented the amounts withheld from Romak's wages for Federal income taxes and F.I.C.A. tax. These taxes are clearly not deductible by virtue of section 275, [2] and we sustain respondent's disallowance. *143 The evidence that petitioners presented to us indicated that they paid $306.70 in state and local income taxes in 1968 rather than the $560 reported on their return. Accordingly, we sustain respondent's disallowance of deduction of $253.30 of these taxes. Petitioners presented no evidence concerning the two claimed casualty losses. We have no basis for disputing respondent's reduction of the amounts claimed by the $100 deductible provided in section 165(c) (3). Therefore, we sustain respondent's reduction of each loss by $100. Petitioners claim that respondent checked their tax for 1968 once in the notice of adjustment dated March 14, 1969, and that he could, therefore, not redetermine the tax at a later time. Respondent has gone to some length in his brief to refute every theory under which petitioners might be arguing. For our purposes it suffices to say that the notice of adjustment does not constitute a final audit or closing agreement and that it does not provide any basis for petitioners to complain under section 6212(c) or section 7605(b) or for a claim of estoppel or res adjudicata in this Court. Petitioners' claim has no merit. Decision will be entered under Rule *144 50. Footnotes
1. Petitioners captioned a part of their brief "Motion to Dismiss." The claims raised therein are frivolous and we shall not consider them.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩